**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOREVER 21, INC., a Delaware Corporation,<br><br>v.<br><br>NATIONAL STORES, INC., a California Corporation, ALMOST NOTHING, INC., a California Corporation, BASEMENT CLOTHING USA, INC., a California Corporation, BMM, INC. d/b/a B. BRONSON, a California Corporation, DEALS 4 ALL SEASONS, INC., a California Corporation, CENTRAL MILLS, INC. d/b/a FREEZE, a New Jersey Corporation, HOT CHOCOLATE, INC., a California Corporation, MEESHEE, INC. d/b/a SOB CLOTHING, a California Corporation, ULTIMATE OFFPRICE, INC., a California Corporation, and Does 1-10, Inclusive,<br><br>Defendants. | Case No.: CV12-10807 ODW (JCGx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANTS NATIONAL STORES, INC., J & M SALES, INC., J & M SALES OF TEXAS, LLC, FP STORES, INC., BMM, INC. d/b/a B. BRONSON, HOT CHOCOLATE, INC. AND MEESHEE, INC. d/b/a SOB CLOTHING**<br><br>Honorable Judge Otis D. Wright II |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction, ("Document 111"), between Plaintiff Forever 21, Inc. ("Plaintiff"), on the one hand, and Defendants National Stores, Inc., J & M Sales, Inc., J & M Sales of Texas, LLC, FP Stores, Inc., BMM, Inc. d/b/a B. Bronson, Hot Chocolate, Inc., and Meeshee, Inc. d/b/a SOB Clothing (collectively "Defendants"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendants as follows:

1. **PERMANENT INJUNCTION.**  Defendants are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, any of the following activities in the United States and throughout the world:

(i) copying, manufacturing, importing, exporting, marketing, displaying, purchasing, selling, offering for sale, reproducing, acquiring, transferring, brokering, consigning, storing, shipping, licensing, developing, delivering, distributing and/or dealing in any product or service that uses, or otherwise makes any use of any of FOREVER 21's Trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of any of FOREVER 21's Trademarks;

(ii) subject to the terms of a Confidential Settlement Agreement between Plaintiff and Defendants, importing, exporting, making, manufacturing, reproducing, assembling, using, acquiring, purchasing, offering for sale, selling, transferring, brokering, consigning, distributing, storing, shipping, licensing, developing, displaying, delivering, marketing, advertising or promoting any product which at any time bore any of FOREVER 21's Trademarks, even if those marks have been blacked out, partially cut out, partially removed, or otherwise partially altered, manipulated or obliterated in such a manner that there remains discernible or readable references to FOREVER 21's Trademarks;

/ / /

(iii) using any trademark or trade name that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized products, imported, exported, manufactured, reproduced, distributed, assembled, acquired, exported, offered, sold, transferred, brokered, consigned, distributed, shipped, marketed, advertised and/or promoted by Defendants originate from Forever 21, or that said merchandise has been sponsored, approved, licensed by, or associated with Forever 21 or is, in some way, connected or affiliated with Forever 21;

(iv) engaging in any conduct that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants are connected with, or are in some way sponsored by or affiliated with Forever 21, purchases products from or otherwise has a business relationship with Forever 21; and

(v) engaging in any acts of federal and/or state trademark infringement, false designation, false advertising, unfair competition, dilution, or other act(s) which would tend to damage or injure Forever 21's rights in and to FOREVER 21's Trademarks.

2. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

3. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

4. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and Plaintiff and Defendants waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

5. **NO FEES AND COSTS.** Plaintiff and Defendants shall bear their own attorneys' fees and costs incurred to date in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 9th day of April 2014.

_____
HON. OTIS D. WRIGHT II
United States District Judge
Central District of California