JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Jason R. Vener, SBN: 267941
    E-mail: jvener@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff/Counter-Defendant
FOREVER 21, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREVER 21, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL STORES, INC., a California Corporation, ALMOST NOTHING, INC., a California Corporation, BASEMENT CLOTHING USA, INC., a California Corporation, BMM, INC. d/b/a B. BRONSON, a California Corporation, DEALS 4 ALL SEASONS, INC., a California Corporation, CENTRAL MILLS, INC. d/b/a FREEZE, a New Jersey Corporation, HOT CHOCOLATE, INC., a California Corporation, MEESHEE, INC. d/b/a SOB CLOTHING, a California Corporation, ULTIMATE OFFPRICE, INC., a California Corporation, and Does 1-10, Inclusive,<br><br>    Defendants. | Case No.: CV12-10807 ODW (JCGx)<br><br>**PLAINTIFF / COUNTER-DEFENDANT FOREVER 21, INC. 'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT BASEMENT CLOTHING USA, INC.'S ANSWER**<br><br>**[Fed.R.Civ.P. 12(f)]**<br><br>Date:      July 21, 2014<br>Time:      1:30 P.M.<br>Courtroom:  11<br><br>Complaint filed:    December 18, 2012<br>Pretrial Conference: August 25, 2014<br>Jury Trial:        September 16, 2014<br><br>Honorable Judge Otis D. Wright II |
| ULTIMATE OFFPRICE, INC., a California Corporation,<br><br>    Counter-Claimant, | |

1      v.

2 FOREVER 21, INC., a Delaware Corporation,

3

4      Counter-Defendant.

5

6

7      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

8      PLEASE TAKE NOTICE on July 21, 2014, at 1:30 P.M., or as soon thereafter as the matter can be heard, before the Honorable Otis D. Wright II, in Courtroom 11 of the United States District Court, Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012, Plaintiff/Counter-defendant Forever 21 ("Forever 21") will, and hereby does, move for an order striking Defendant Basement Clothing USA, Inc.'s ("Basement Clothing") Answer (Dkt. 71) to Forever 21's First Amended Complaint (Dkt. 35) and entering default against it.

     This Motion is made under Federal Rule of Civil Procedure 12(f) on the grounds that Basement Clothing is a California corporation not represented by legal counsel. Corporations and other business entities cannot appear in federal court unrepresented by legal counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Moreover, Basement Clothing failed to obtain new counsel and to notify the Court of new counsel in compliance with this Court's April 30, 2014 order (Dkt. 127).

/ / /

/ / /

/ / /

1    This Motion is based on this Notice of Motion and Motion, the
2 Memorandum of Points and Authorities, this Court's file, such additional matters
3 of which the Court may or must take judicial notice, and the pleadings and papers
4 filed herein and such other matters as my be present in the Court in connection
5 with this Motion.

7 DATED: June 18, 2014              JOHNSON & PHAM, LLP

                                   By: _/s/Marcus F. Chaney_____
                                   Marcus F. Chaney, Esq.
                                   Attorneys for Plaintiff/Counter-Defendant
                                   FOREVER 21, INC.

# MOTION TO STRIKE BASEMENT CLOTHING USA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT
## [Fed.R.Civ.P. 12(f)]

## I. INTRODUCTION

Plaintiff/Counter-Defendant Forever 21, Inc. ("Forever 21") brings this Motion to Strike Defendant Basement Clothing USA, Inc.'s ("Basement Clothing") Answer to Forever 21's First Amended Complaint under Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(f) on the grounds that Basement Clothing is a California corporation not represented by legal counsel. Failure to obtain counsel has rendered Basement Clothing's previously filed Answer insufficient. Moreover, Basement Clothing failed to obtain new counsel and to notify the Court of new counsel in compliance with this Court's April 30, 2014 order (Dkt. 127).

For these reasons, this Court should grant Forever 21's Motion to Strike Basement Clothing's Answer, strike Basement Clothing's Answer, and enter default against it[1].

## II. STATEMENT OF PERTINENT FACTS

On October 31, 2013, Basement Clothing filed an Answer to Forever 21's First Amended Complaint (Dkt. 71). Basement Clothing was represented by Maurice D. Pessah, Esq.

On April 30, 2014, this Court entered an Order granting Mr. Pessah leave to withdraw as counsel for Basement Clothing (Dkt. 127). Pursuant to the terms of the Order granting leave to withdraw as counsel, Mr. Pessah was ordered to promptly serve written notice of the Order to Basement Clothing reminding it that corporations and other business entities cannot appear in federal court

---

[1] Upon entry of an Order striking Basement Clothing's Answer, Forever 21 intends to e-file an agreed upon Stipulation of Dismissal and [Proposed] Dismissal as to Defendants National Stores, Inc., J & M Sales, Inc., J & M Sales of Texas, LLC, FP Stores, Inc., BMM, Inc. d/b/a B. Bronson, Hot Chocolate, Inc., and Meeshee, Inc. d/b/a SOB Clothing signed by all parties who have appeared under Fed.R.Civ.P. 41(a)(1)(A)(ii).

1 unrepresented by legal counsel and informing Basement Clothing that it had up to
2 and including May 21, 2014 to obtain new counsel and to notify the Court of new
3 counsel.

4 As of this writing, Basement Clothing has not informed Forever 21 or the
5 Court that it has obtained new counsel to represent it in this litigation.

6 **III.　BASEMENT CLOTHING'S ANSWER SHOULD BE**
7 **STRICKEN**

8 *Federal Rule of Civil Procedure* 12(f) states, "[t]he court may strike from a
9 pleading an insufficient defense or any redundant, immaterial, impertinent, or
10 scandalous matter." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-974
11 (9th Cir. 2010). Corporations and other business entities cannot appear in federal
12 court unrepresented by legal counsel. *Rowland v. Cal. Men's Colony, Unit II*
13 *Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).

14 Basement Clothing is a California corporation that is and has been
15 unrepresented by counsel in this matter since April 30, 2014. This Court warned
16 Basement Clothing that "[f]ailure to obtain representation and respond to this
17 Order will likely result in the Court striking Basement Clothing's Answer and
18 entering default judgment" in its April 30th Order (Dkt. 127, Page 2, Lines 9-11).
19 As such, Basement Clothing's Answer should be stricken under Fed.R.Civ.P. 12(f)
20 as insufficient as it has been filed by an unrepresented corporate entity and
21 contrary to this Court's order.

22 **IV.　CONCLUSION**

23 For the foregoing reasons, this Court grant Forever 21's Motion to Strike
24 Basement Clothing's Answer to Forever 21's First Amended Complaint, and enter
25 / / /
26 / / /
27 / / /
28

default against Basement Clothing for failing to obtain counsel to represent it in this matter by appropriately responding to Forever 21's First Amended Complaint through counsel.

DATED:  June 18, 2014                    JOHNSON & PHAM, LLP

By: _/s/Marcus F. Chaney_____
Marcus F. Chaney, Esq.
Attorneys for Plaintiff/Counter-Defendant
FOREVER 21, INC.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is JOHNSON& PHAM, LLP, located at 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On June 18, 2014, I served the herein described document(s):

**PLAINTIFF/COUNTER-DEFENDANT FOREVER 21, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT BASEMENT CLOTHING USA, INC.'S ANSWER**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Woodland Hills, California addressed as set forth below.

> Basement Clothing USA Inc.
> 1200 S. Hope Street
> Los Angeles, CA 90015

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 18, 2014, at Woodland Hills, California.

_____
Evelyn Ruano