O

# United States District Court
# Central District of California

| | |
|---|---|
| FOREVER 21, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL STORES INC., *et al.*, <br><br> Defendants. | Case No. 2:12-cv-10807-ODW(JCGx) <br><br> **ORDER STRIKING DEFENDANT BASEMENT CLOTHING USA INC.'S ANSWER AND ENTERING DEFAULT AGAINST BASEMENT CLOTHING [71, 142]** |

On April 30, 2014, this Court approved the withdrawal of Defendant Basement Clothing USA, Inc.'s counsel in this matter. (ECF No. 127.) In that Order, the Court advised Basement Clothing that corporations and other business entities cannot represent themselves in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). The Court gave Basement Clothing three weeks to obtain and notify the Court of new counsel. The three weeks have long past, and Basement Clothing has failed to obtain new counsel. Forever 21, Inc. has now filed a Motion to Strike Basement Clothing's Answer based on the failure to obtain counsel. (ECF No. 142.)

As part of a court's inherent equitable powers, a court may strike an answer and enter default, and even default judgment, against a party as a sanction. *See, e.g.*, *Dreith v. NuImage, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *Adriana Int'l Corp. v.*

*Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (per curiam). Before doing so, however, a court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Adriana Int'l*, 913 F.2d at 1412.

Here, the Court finds that the public interest in expeditious resolution of litigation and the Court's need to manage its docket weigh heavily in favor of striking Basement Clothing's answer and entering default. The claims against Basement Clothing cannot move forward without Basement Clothing obtaining new counsel, and Basement Clothing has been given ample time to find counsel. Not only did Basement Clothing's former counsel advise his client repeatedly of the representation requirement before seeking to withdraw, but this Court afforded Basement Clothing additional time to seek counsel after withdrawal. The Court also finds that Basement Clothing's failure to obtain new counsel has prejudiced Forever 21 by not only delaying this litigation, but making it impossible for Forever 21 to obtain a decision on the merits. Less drastic sanctions are simply not available. While the public policy favoring disposition of the case on its merits will always cut against striking the answer and entering default, the four other factors strongly support the result.

In most cases, this drastic measure is taken as a sanction for serious and repeated discovery violations under Rule 37. *See, e.g.*, *Adriana Int'l*, 913 F.2d at 1412–14; *Dreith*, 648 F.3d at 788. But at least one Ninth Circuit opinion has held that striking an answer and actually entering default judgment is appropriate against a defendant who failed to retain counsel after answering the complaint. *See U.S. v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). The Court is not yet prepared to enter default judgment, but does find that striking Basement Clothing's Answer and entering default is an appropriate sanction for failure to retain new counsel.

1  For these reasons, the Court **GRANTS** Forever 21's Motion to Strike Basement
2  Clothing's Answer.  (ECF No. 142.)  The Court also **ENTERS DEFAULT** against
3  Basement Clothing.  Forever 21 shall file a motion for default judgment **no later than**
4  **14 days** from the date of this Order.
5  **IT IS SO ORDERED.**

7  June 19, 2014

  _____
  **OTIS D. WRIGHT, II**
  **UNITED STATES DISTRICT JUDGE**

3